Filed 5/9/25  P. v. Patterson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRYNUN PATTERSON,<br><br>    Defendant and Appellant. | B336894<br><br>(Los Angeles County<br>Super. Ct. No. NA040726)<br><br>ORDER MODIFYING<br>OPINION AND DENYING<br>REHEARING<br><br>[NO CHANGE IN<br>JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on April 11, 2025, be modified as follows:

1.    On page 3, the second sentence of the last paragraph beginning with "Jenny testified that" is deleted.

2.    On page 3, the sentence in the last paragraph beginning with "Defendant heard" is modified by

inserting the word "later" between "Defendant" and "heard" so that the sentence now reads:

Defendant later heard a gunshot.

3.    On page 10, the second sentence of the first full paragraph beginning with "During the course of the robbery" is modified by deleting the words "for five to ten minutes."

The petition for rehearing filed on April 25, 2025, by appellant is denied.

There is no change in the judgment.

_____

BAKER, Acting P. J.        MOOR, J.        KIM (D.), J.

Filed 4/11/25  P. v. Patterson CA2/5 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRYNUN PATTERSON,<br><br>Defendant and Appellant. | B336894<br><br>(Los Angeles County<br>Super. Ct. No. NA040726) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, David E. Madeo, and Stefanie Yee Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Defendant Trynun Patterson appeals from an order denying his petition for resentencing pursuant to Penal Code[1] section 1172.6.  Defendant contends there was insufficient evidence to support the trial court's finding that the prosecution proved beyond a reasonable doubt that he could still be convicted of felony murder as a major participant in the underlying felony who acted with reckless indifference to human life.  We affirm.

# II.    BACKGROUND

## A.    *Underlying Conviction*

### 1.    Factual Background[2]

Defendant and codefendants Ike Carstarphen, Kenny Buckner, and Darryl Clayton jointly planned to rob a music and jewelry store in Long Beach.  Carstarphen's brother, Jermaine Parrot, visited the store and reported to the others that three employees worked there.

---

[1]    Further statutory references are to the Penal Code.
The Legislature renumbered section 1170.95 as section 1172.6 effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to section 1172.6 throughout this opinion.

[2]    We grant defendant's request for judicial notice of the reporter's and clerk's transcripts from Court of Appeal case No. B143582, and this court's nonpublished opinion in *People v. Patterson* (Sept. 25, 2001, B143582).

At around 12:00 p.m. on May 3, 1999, defendant, Carstarphen, Buckner, Clayton, and Parrot met behind Parrot's apartment building and discussed how to rob the store. The plan was for Carstarphen, Buckner, and Clayton to enter first, then for defendant to count to ten, enter the store, and close the door.

Defendant drove Carstarphen, Buckner, and Clayton to the store. Defendant, Buckner, and Carstarphen were each armed with a handgun.[3] Carstarphen, Buckner, and Clayton entered the store first. A mail carrier then entered the store. After the mail carrier left, defendant entered and closed the door behind him. Jenny Kim, a store employee who worked in the music side of the store, told defendant to leave the door open, but defendant refused.

Buckner and Carstarphen pointed guns at Gary Kim, who was working in the jewelry side of the store. Buckner ordered Gary to the floor; and Gary complied. After Gary laid on the floor, defendant observed Carstarphen drag him to the back by his ankles. Defendant pulled out a gun and ordered Jenny to lie down. Clayton pulled Jenny over a counter to the back of the store. The codefendants told defendant to start taking items, and he began to put jewelry into a bag.

As he loaded jewelry into his bag, defendant observed Carstarphen kick Gary and heard Gary moan in pain. Jenny testified that the beating continued for between five to ten minutes. Defendant heard a gunshot. Carstarphen had shot Gary in the head. Defendant said, "Let's go," and ran out the door. The robbers fled and traveled together to Parrot's

---

[3]    Defendant initially told police that Clayton was also armed with a handgun. But he later stated that Clayton was not armed.

3

apartment, where they poured the jewelry on the table and, in defendant's words, "proceeded to select pieces."

Police pulled over defendant and Buckner as they were traveling in defendant's car the following day. The police found the gun that defendant had used in the robbery in the trunk of the car.

### 2. Trial, Sentence, and Direct Appeal

On July 15, 1999, the Los Angeles County District Attorney charged defendant, Buckner, and Carstarphen by information with: the murder of Gary Kim (§ 187, subd. (a); count 1), with a special circumstance allegation that the murder was committed while defendant was engaged in a robbery (§ 190.2, subd. (a)(17)); second degree robbery of Gary Kim (§ 211; count 2); second degree robbery of Jenny Kim (§ 211; count 3); and conspiracy to commit robbery (§ 182, subd. (a)(1); count 6). For counts 1 through 3, the information also alleged that defendant personally used a firearm (§ 12022.5, subd. (a)(1)).

On June 27, 2000, following trial, a jury convicted defendant of the charged counts and found the robbery special circumstance and personal use allegations to be true.[4]

On July 27, 2000, the trial court sentenced defendant to life without the possibility of parole for count 1, plus four years for the personal use firearm enhancement. The court also imposed concurrent terms of seven years each for counts 2 and 3,

---

[4] For counts 1 through 3, the jury also found true the allegation that a principal personally used a firearm. (§ 12022, subd. (a)(1).)

consisting of three years plus four years for the firearm enhancements, and a concurrent term of three years for count 6.

On September 25, 2001, a panel of this court affirmed the conviction, with directions for the trial court to amend the abstract of judgment to reflect that the sentences for counts 2 and 6 were stayed pursuant to section 654. (*People v. Patterson, supra*, B143582.)

B.      *Resentencing Petition*

On January 17, 2019, defendant filed a section 1172.6 petition. On June 8, 2021, the trial court denied the petition, finding defendant had not made a prima facie showing that he was entitled to relief. On June 21, 2022, we reversed and remanded with directions for the trial court to issue an order to show cause and hold an evidentiary hearing. (*People v. Patterson* (June 21, 2022, B313045 [nonpub. opn.].)

At the February 21, 2024, evidentiary hearing, the parties elected to proceed on the record of the conviction. After considering the trial record and the briefing and argument of counsel, the trial court denied the petition, finding that the prosecution had proven beyond a reasonable doubt that defendant was a major participant who acted with reckless indifference to human life. The court noted that defendant was armed when he went to the store, closed the door behind him and thereby prevented the victims from leaving, was aware of and witnessed Carstarphen assaulting Gary, and fled immediately after the shot was fired. Defendant timely appealed.

# III.   DISCUSSION

## A.   *Section 1172.6 and Felony Murder*

"The Legislature enacted Senate Bill [No.] 1437 [(Senate Bill 1437)] 'to more equitably sentence offenders in accordance with their involvement in homicides.' (Stats. 2018, ch. 1015, § 1(b).)" (*People v. Curiel* (2023) 15 Cal.5th 433, 448.)  "Senate Bill 1437 altered the substantive law of murder in two areas. First, with certain exceptions, it narrowed the application of the felony-murder rule by adding section 189, subdivision (e). . . . Under that provision, 'A participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs is liable for murder only if one of the following is proven: [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' (§ 189, subd. (e).) [¶]  . . .  [¶]

"Senate Bill 1437 also enacted former section 1170.95 [renumbered as section 1172.6], which created a procedural mechanism 'for those convicted of felony murder . . . to seek relief' where the . . . substantive changes described above affect a defendant's conviction. . . .  [¶]  Under section 1172.6, 'A person convicted of felony murder . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining

6

counts . . . .' (§ 1172.6, subd. (a).)" (*People v. Curiel, supra*, 15 Cal.5th at pp. 448–450.)

At a section 1172.6 evidentiary hearing, "the prosecution bears the burden 'to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under the law as amended by Senate Bill 1437 (§ 1172.6, subd. (d)(3)). In addition to evidence admitted in the petitioner's prior trial, both '[t]he prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens.' (*Ibid.*) 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.' (*Ibid.*)" (*People v. Wilson* (2023) 14 Cal.5th 839, 869.)

"[A] trial court's denial of a section 1172.6 petition is reviewed for substantial evidence. [Citation.] Under this standard, we review the record ""in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."" [Citation.]" (*People v. Reyes* (2023) 14 Cal.5th 981, 988.)

B.      *Reckless Indifference to Human Life*

"Reckless indifference to human life is 'implicit in knowingly engaging in criminal activities known to carry a grave risk of death.' [Citation.] Examples include 'the person who tortures another not caring whether the victim lives or dies, or the robber who shoots someone in the course of the robbery,

7

utterly indifferent to the fact that the desire to rob may have the unintended consequence of killing the victim as well as taking the victim's property.' [Citation.] Reckless indifference 'encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions.' [Citation.]

"Reckless indifference to human life has a subjective and an objective element. [Citation.] As to the subjective element, '[t]he defendant must be aware of and willingly involved in the violent manner in which the particular offense is committed,' and he or she must consciously disregard 'the significant risk of death his or her actions create.' [Citations.] As to the objective element, "'[t]he risk [of death] must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him [or her], its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation."' [Citations.] 'Awareness of no more than the foreseeable risk of death inherent in any [violent felony] is insufficient' to establish reckless indifference to human life; 'only knowingly creating a "grave risk of death"' satisfies the statutory requirement. [Citation.] Notably, 'the fact a participant [or planner of] an armed robbery could anticipate lethal force might be used' is not sufficient to establish reckless indifference to human life. [Citations.]

"We analyze the totality of the circumstances to determine whether [the defendant] acted with reckless indifference to human life. Relevant factors include: Did the defendant use or know that a gun would be used during the felony? How many

weapons were ultimately used?  Was the defendant physically present at the crime?  Did he or she have the opportunity to restrain the crime or aid the victim?  What was the duration of the interaction between the perpetrators of the felony and the victims?  What was the defendant's knowledge of his or her confederate's propensity for violence or likelihood of using lethal force?  What efforts did the defendant make to minimize the risks of violence during the felony?  [Citation.]  "'[N]o one of these considerations is necessary, nor is any one of them necessarily sufficient.'"  [Citations.]"  (*In re Scoggins* (2020) 9 Cal.5th 667, 676–677, citing *People v. Clark* (2016) 63 Cal.4th 522, 617–623 (*Clark*).)[5]

C.    *Analysis*

Defendant contends there was insufficient evidence that he acted with reckless indifference to human life.  We find substantial evidence supports the trial court's finding.

The *Clark* factors support finding that defendant acted with reckless indifference to human life.  Defendant knew that at least three guns would be used in the robbery.  He displayed one of these guns as he ordered Jenny Kim to lie on the ground and Carstarphen used another to inflict the fatal injury.  Defendant was not only present at the scene of the crime, but he actively participated in subduing one of the two employees.

As to whether defendant had the opportunity to restrain the crime or aid the victim, we conclude this factor weighs in favor of finding reckless indifference.  When Jenny Kim asked

---

[5]    Defendant does not dispute there was sufficient evidence that he was a major participant in the robbery.

9

defendant to keep the door open, defendant refused, which both prevented detection of the robbery and impeded escape. Further, he knew that Gary Kim had complied with orders to lie on the floor and did not resist the robbers. Yet defendant did nothing to stop Carstarphen when he dragged Gary by the ankles to the rear of the store, beat him, and eventually shot him.

The duration of the interaction between the perpetrators and the robbery victims as well as defendant's knowledge of Carstarphen's propensity for violence support the trial court's finding. During the course of the robbery, defendant watched as Carstarphen dragged Gary and beat him for five to ten minutes. On this record, the trial court could reasonably conclude that defendant was aware of his "confederate's propensity for violence." (*In re Scoggins, supra*, 9 Cal.5th at p. 677.)

Finally, defendant did nothing to minimize the risk of violence during the robbery or aid the victim. Instead, defendant exhorted his co-robbers to flee immediately after the shooting, which they all did. On this record, substantial evidence supports the trial court's finding that defendant acted with reckless indifference to human life.

We are unpersuaded by defendant's assertion that because he was 19 years old at the time of his crimes, his youth and immaturity undermine a finding that he acted with reckless indifference to human life. (See, e.g., *People v. Keel* (2022) 84 Cal.App.5th 546, 558–559 [finding youth a relevant consideration of whether defendant acted with reckless indifference to human life].) As an initial matter, defendant forfeited this argument by failing to assert below that his youth was a factor weighing against a finding of guilt. (Cf. *People v. Oliver* (2023) 90 Cal.App.5th 466, 488 [declining to find forfeiture because first

10

case to expressly hold that defendant's youth was relevant factor was issued in August 2021, after denial of defendant's resentencing petition].) In any event, even considering defendant's age, the totality of the circumstances supports a finding that defendant acted with reckless indifference to human life. (See *id.* at pp. 489, 490, fn. omitted ["even if the trial court was required to expressly consider [defendant's] youth, any such error in this regard is harmless"; finding "[defendant's] actions during this crime did not show 'a transient rashness' or 'inability to assess consequences.' [Citation.] Nor do we perceive any "'impetuosity'" or "'failure to appreciate risks and consequences.'" [Citation.] Rather, [defendant], well aware of "'the particular dangers posed by the nature of the crime [and] weapon[] [to be] used'" [citation], made an intentional and volitional choice . . ."].) Accordingly, substantial evidence supports the trial court's denial of defendant's resentencing petition.

## IV.    DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:


BAKER, Acting P. J.


MOOR, J.